[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on November 22, 1989 at Rowayton, Connecticut. The plaintiff has resided continuously in this state since that time, and all statutory stays have expired. Therefore, this court has jurisdiction. There is one child issue of the marriage. He is Andrew, born April 22, 1990. The parties separated in October, 1998, and the evidence clearly indicates that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff is 50 years old and enjoys good health. She attended college and in addition to being a homemaker has worked throughout the marriage.
The defendant is 48 years old. He attended college for a period of three years. In 1996 he suffered an injury to his back. This resulted in several operations being required. He has not been gainfully employed since December, 1996. He is currently receiving social security disability benefits, including an allowance for the minor child. As a result of the injury he suffers from a battered nerve root syndrome and reflex sympathetic dystrophy. At the present time the prognosis is poor as to his ability to obtain employment.
This has been an unhappy marriage for some time. A rehashing of the evidence presented would serve no useful purpose. The court finds that the defendant must bear the responsibility for the failure of this relationship.
The court has carefully considered the criteria set forth in the General Statutes, sections 46b-56, 46b-81, 46b-82 and 46b-84 in reaching CT Page 11369 the decisions reflected in the orders that follow.
The following orders may enter:
(1) CUSTODY
 The parties shall have joint legal and physical custody of the minor child. They shall continue with the current parenting arrangements where the minor child is with the plaintiff every Sunday at noon until Thursday morning and with the defendant every Thursday after school or at 9 a.m. when school is not in session, until Sunday at noon. Each of the parties shall keep the other informed at all times of the whereabouts of the minor child while said child is with the plaintiff or the defendant, and if either has knowledge of any illness or accident or other circumstances seriously affecting the health or welfare of said child, the plaintiff or the defendant, as the case may be, will promptly notify the other. Bach of the parties will furnish to the other copies of any reports from third persons concerning the health, education or welfare of said child.
 The parties shall exert every reasonable effort to maintain free access, including telephone access, and unhampered contact between said child and each of the parties and to foster a feeling of affection between the said child and the parties hereto. Neither party shall do anything which may injure the opinion of said child about the other party or act in such a way as to hamper the free and natural development of said child's love and respect for the other party.
 The plaintiff and the defendant shall discuss and confer with reference to matters of policy involving the child as to such topics as health, education, camps, private schools and colleges, and the parties shall attempt to adopt a harmonious policy best suited for the interest of the child.
(2) PERIODIC ALIMONY
 Commencing on October 1, 2000, the plaintiff, during her lifetime, shall pay to the defendant the sum of CT Page 11370 $250 per month as periodic alimony. The payments shall continue, on the first day of each month thereafter, in advance, until the defendant's death, remarriage, or September 30, 2005, whichever event first occurs.[1]
 If the plaintiff is still obligated to pay periodic alimony at the end of the five year period, then, upon request, the court will conduct a hearing and take a second look at the circumstances of the parties, considering the criteria of section 46b-82 of the General Statutes to determine if the periodic alimony payments should continue, and if so in what amount, or should be terminated.
(3) CHILD SUPPORT
 Under the Connecticut Child support guidelines, the defendant's obligation for child support is $86.00 per week. Since the parties have a shared custody arrangement, a deviation from the guidelines is appropriate. Neither party shall be required to pay child support to the other. However, the parties shall share equally the monthly after school and summer programs costs for their son. Also, the parties shall share equally the unreimbursed and uninsured medical expenses of their son.
(4) PROPERTY DIVISION
 A. The plaintiff is awarded the entire interest in the condominium located at 55 Wilton Crest, Wilton, Connecticut, subject to the outstanding mortgage which shall be her sole obligation. She shall indemnify and hold harmless the defendant from any liability thereon.
 B. As an assignment of property, the plaintiff shall pay to the defendant the sum of sixty-five thousand ($65,000) dollars, payable no later than December 15, 2000. In the event the plaintiff is required to sell the condominium to make this payment, then payment shall be made upon the sale. The court reserves jurisdiction on all issues involving the sale, if the parties are unable to agree on the details of sale.
C. The plaintiff shall retain her interests in all trusts established by her family.
 D. Except as provided above, each party shall continue to own the assets in his or her name.
E. The plaintiff is awarded the painting of Five Mile River.
(5) CUSTODIAL ACCOUNTS
 The parties shall maintain the current custodial accounts for the benefit of the minor child and shall provide quarterly statements regarding such accounts to the other parent.
(6) LIABILITIES
The parties shall be responsible for the liabilities listed on their respective financial affidavits.
(7) MEDICAL INSURANCE
 The plaintiff shall continue to provide and maintain medical insurance on behalf of the minor child. Section 46b-84e of the Connecticut General Statutes shall apply.
 The plaintiff shall cooperate with the defendant to permit him to continue coverage, at his sole expense, under the medical insurance policy provided to her through her employment.
Judgment may enter accordingly.
NOVACK, JUDGE TRIAL REFEREE